## Western & Southern Life Insurance Company v. Giltnane.

(Decided February 5, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

Insurance, Life—Payment of Premiums—Waiver.—When an insurance company notifies the insured that it will not receive any further premiums, this dispenses with the necessity of making a tender of the premiums thereafter.

LANIER & LANIER and DuRELLE & FLEECE for appellant.

DUFFIN, SAPINSKY & DUFFIN and THOMAS WALSH for appellee.

Opinion of the Court by Judge Carroll—Affirming.

On the third day of October, 1910, the appellant company issued a policy of life insurance for five hundred dollars upon the life of Mayme Giltnane, payable to her mother, Annie Giltnane, the appellee. In June, 1911, the insured died, and the company declining to pay to the beneficiary the amount of the policy, this suit was brought, and upon a trial before a jury the court directed a verdict against the company, and it prosecutes this appeal.

Two grounds for reversal are relied on: One is that the trial court, upon permitting an amended petition to be filed at the close of the evidence for the plaintiff, should have granted a continuance. The petition did not aver the payment of the weekly premiums by the insured, as required by the policy contract, and the amended pleading merely corrected this omission. Of course the trial court properly permitted it to be filed, and this ruling did not furnish any grounds for a continuance.

The other is that the weekly premiums were not paid as provided in the policy, and this clause in the contract is relied on: "If for any reason the premium is not paid or is not collected by the agent when due, it shall be the duty of the policy-holder, before the said premium shall be in arrears four weeks, to bring or send said premium to the home office or one of its district offices, and in the event of the failure so to do this policy, without notice to any person or persons interested therein shall thereupon lapse and became null and void."

The evidence without contradiction shows that the premiums were paid regularly for several weeks and until both the collecting agent and the general agent at Louisville refused to accept any further premiums. It appears that in November, 1910, the insured applied for additional insurance and the local collector to whom the application was made told the insured or the beneficiary that it would be necessary to deliver to him the policy issued in October before the applied-for insurance could be issued, and in compliance with his request the policy was delivered to him. After receiving the policy under these circumstances, the company refused to return it and refused to receive any other premiums, because, as it claimed, the examination of Mayme Giltnane for the second insurance showed that she was not an insurable risk. Upon this information the company concluded that it had a right not only to refuse to take any further premiums on the policy issued in October, but to retain the possession of it. Just what right it had to retain possession of the policy and refuse to return it to the insured is not apparent. But, however this may be, it is very plain that the insured was not in default in the payment of her premiums.

When the insurance company notified the insured that it would not receive from her any further premiums, this dispensed with the necessity of making a tender of the premiums thereafter. It would be a rather curious rule, to say the least of it, that would allow an insurance company to defeat the payment of a policy upon the ground that the premiums had not been regularly paid, when it declined to receive them, insisting that it had canceled the policy.

The trial court properly directed a verdict, and the judgment is affirmed.